IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 11-cv-602-JPG-DGW |
| | ) |
| MICAH S. TRUE a/k/a MICAH SHANE TRUE a/k/a MICAH TRUE, STEPHANIE M. TRUE a/k/a STEPHANIE MARIE TRUE a/k/a STEPHANIE TRUE, UNITED STATES OF AMERICA, CITIFINANCIAL SERVICES, INC., UNKNOWN OWNERS and NON-RECORD CLAIMANTS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of defendant United States of America to dismiss this case for lack of the plaintiff's standing to sue (Doc. 8). Specifically, the United States argues that in this foreclosure action, the complaint does not allege any facts plausibly suggesting the plaintiff has any interest in the property upon which foreclosure is sought. The mortgage and the note attached to the complaint reflect the mortgagee as Firstar Bank, N.A. The United States argues that nothing in or attached to the complaint suggests that the plaintiff has any interest in the property in issue.

The plaintiff has responded (Doc. 9) that it is the originating lender, that its complaint complies with the Illinois statutory foreclosure form set forth in 735 ILCS 5/15-1504, and that at paragraph 3(j) of the complaint it states that it is the mortgagee.

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a plaintiff's standing to sue. *American Fed. of Gov't Emp., Local 2119 v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999).

Where a defendant makes a facial challenge to the sufficiency of the complaint's jurisdictional allegations as a matter of law, as in the case at bar, all well-pleaded factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); 2 James Wm. Moore *et al.*, *Moore's Federal Practice*, § 12.30[4], at 12-38 to 12-39 (3d ed.). Therefore, the Court takes all allegations in the complaint as true and examines them to see if they allege sufficient facts to support the plaintiff's standing to sue.

The doctrine of standing is a component of the Constitution's restriction of federal courts' jurisdiction to actual cases or controversies. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see* U.S. Const. art. III, § 2. Standing includes as an element an injury in fact suffered by the plaintiff. *Id.* at 560. Without an injury in fact, a plaintiff lacks standing to sue.

The complaint contains contradictory allegations about who the mortgagee is in this case. In paragraph 3(d) the plaintiff states that the mortgagee is Firstar Bank, N.A.. but in paragraph 3(j) the plaintiff states that it is the holder of the mortgage. No attachments clarify these apparently conflicting statements. In light of these unexplained and apparently conflicting statements, the Court finds the complaint does not sufficiently allege the plaintiff's injury in fact establishing its standing to sue. Accordingly, the Court **GRANTS** the United States' motion to dismiss (Doc. 8) and **DISMISSES** the complaint **without prejudice**.

The Court **FURTHER ORDERS** that the plaintiff shall have up to and including December 23, 2011, to file an amended complaint alleging facts sufficient to show it is the mortgagee. The Court notes that the plaintiff need not attach a copy of any relevant assignment or assignments to the amended complaint; allegations showing the plaintiff's injury in fact is all

that is required at the pleading stage.  Whether the plaintiff can actually establish its right to bring this action as the mortgagee is a matter to be addressed at summary judgment or at trial. Should the plaintiff fail to amend its complaint on or before December 23, 2011, the Court will construe its failure as an intent not to prosecute this action and may dismiss this action on the merits pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED.**
**DATED:  November 28, 2011**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **United States District Judge**